**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EARL LEROY FRANKLIN, JR.,

      Petitioner-Appellant,

v.

ERIC R. FRANKLIN, Warden,

      Respondent-Appellee.

No. 05-6309
(D.C. No. 04-CV-00236-T)
(W.D. Okla.)

---

**ORDER**

---

Before **HARTZ**, **EBEL,** and **TYMKOVICH**, Circuit Judges.

---

      Petitioner-Appellant Earl Leroy Franklin seeks a certificate of appealability

("COA"), see 28 U.S.C. § 2253(c), to enable him to appeal from the district

court's decision denying Franklin habeas relief, see 28 U.S.C. § 2254, from his

Oklahoma convictions and sentences for possessing cocaine and assault and

battery on a police officer.[1]  To be entitled to a COA, a defendant must make a

"substantial showing of the denial of a constitutional right."  28 U.S.C.

§ 2253(c)(2).  A defendant makes such a showing if it appears that "reasonable

jurists could debate whether (or, for that matter, agree that) the petition should

---

      [1]     We grant Franklin's motion to proceed on appeal in forma pauperis.
See 28 U.S.C. § 1915.

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (quotations omitted).

In his appellate brief, Franklin asserts three claims for habeas relief: 1) he was the subject of an unreasonable seizure, contrary to the Fourth Amendment; 2) the trial court denied him due process when it permitted the Government to present Officer Moon as a rebuttal witness; and 3) the trial court denied Franklin due process by improperly instructing jurors on the applicable sentencing range.[2] For substantially the reasons stated by the magistrate judge, in his report and recommendation adopted by the district court, we conclude Franklin has failed to make a substantial showing of the denial of a constitutional right. Therefore, we DENY his application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[2] In the district court, Franklin also argued that his sentence violated Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000). Because he does not reassert that argument on appeal, however, we deem the argument waived.